FILED

OCT 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IRVING C. HUMPHREY,

             Plaintiff - Appellant,

   v.

JAMES A. YATES, Warden,

             Defendant - Appellee.

No. 11-17844

D.C. No. 1:09-cv-00075-LJO-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

    Irving C. Humphrey, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs in connection with his

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

exposure to valley fever. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for defendant Yates because Humphrey failed to establish a genuine dispute of material fact as to whether Yates personally participated in any alleged constitutional violations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (a plaintiff must plead that each defendant violated the Constitution through his own individual actions); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisor is liable for constitutional violations of subordinates only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them"); *see also Toguchi*, 391 F.3d at 1058 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health).

The district court did not abuse its discretion in denying Humphrey's request to appoint an independent medical expert because Humphrey failed to show that it was necessary. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review and noting that district court has discretion whether to appoint an expert under Fed. R. Evid. 706(a)).

**AFFIRMED.**